REQUESTED BY: Senator James E. Pappas State Capitol Lincoln, NE 68509
Dear Senator Pappas:
This is in response to your inquiry concerning the provisions of Article XII, Section 8, of the Constitution, commonly referred to as Initiative 300.
You first ask if our previous Opinion that a non-family farm corporation may not engage in any aspect of farming or ranching is still correct. In response, we note that Article XII, Section 8, of the Constitution which specifically provides that corporations (other than family farm corporations) may not engage in farming or ranching has not been amended or repealed since our previous Opinion, so there appears to be no basis for our arriving at a conclusion different from that previously expressed.
You next ask if it makes a difference if a non-family farm corporation was engaged in farming, ranching, or horticulture prior to the effective date of the amendment.
The first paragraph of Article XII, Section 8, of the Constitution provides:
 No corporation or syndicate shall acquire, or otherwise obtain an interest, whether legal, beneficial, or otherwise, in any title to real estate used for farming or ranching in this state, or engage in farming or ranching. (emphasis added). It is quite clear from this provision that the amendment to the Constitution deals with two separate and distinct subjects, the corporate acquisition of ownership or other interest in land used for farming or ranching, and the act of engaging in farming or ranching.
With regard to the restrictions, possession of an interest in farm or ranch land, and farming or ranching, Initiative 300 goes on to provide in paragraph (D) that those restrictions shall not apply to: "(D) agricultural land, which as of the effective date of this act is being farmed or ranched . . . (etc.) . . . so long as such land or other interest in title shall be held in continuous ownership. . ."
This is a "grandfather clause", which permits the continuance of those specific prohibited acts which were in existence at the time the provision was adopted.
While there is no legislative history concerning the intent of the drafters of Initiative 300 with regard to the exceptions to the prohibitions contained in the amendment, it is our interpretation of paragraph (D) that it intends to authorize non-qualified corporations which possess an interest in farm or ranch land to continue to farm or ranch on these lands so long as they possess such interest after the adoption of Initiative 300, but that non-qualified corporations which do not possess an interest in farm or ranch land on the effective date of the adoption of Initiative 300 may not continue to farm or ranch after that date.
In answer to your last question, there is no provision in Initiative 300 which prohibits the financing of corporations engaged in farming or ranching, or the financing of the purchase of farm or ranch lands.
Very truly yours,
ROBERT M. SPIRE Attorney General
Bernard L. Packett Assistant Attorney General